SHANNON, Judge.
This is an appeal from a final decree in an action for declaratory decree which sought to determine the rightful councilman of the City of Temple Terrace. In its final decree the court below ruled in part as follows:
“1. That Stanley A. Kraft is the duly constituted and elected city councilman under the Charter of the City of Temple Terrace elected to serve tire unexpired term of the office of James A. Rodger, deceased, said term of office expiring at the regular election in 1962 and said Stanley A. Kraft is entitled to all the prerogatives of such office.
“2. That the appointment of Daniel C. Meyer as city councilman by the remaining members of the city council in October of 1958 is null and void and of no effect having been done without the authority of law and that the said Daniel C. Meyer is hereby enjoined from further action as a city councilman of the City of Temple Terrace.”
Briefly summarizing the facts pertaining to the issue, in June 1958 there were three councilmen elected, including James A. Rodger, who was elected to a four year term. One other councilman was elected for four years, and the third councilman was elected to a two year term. Stanley A. Kraft, appellee herein, was not elected but received the fourth highest number of votes. James A. Rodger died on October 2, 1958, creating a vacancy. On October 2, 1958, there was in full force Section 26, Chapter 31320, Laws of Florida, Special Acts of 1955, which reads as follows:
“Any vacancies in the City Council shall be filled for the unexpired term or terms by the Council, providing that if any vacancy shall occur as to a Coun- *259 oilman whose term of office does not expire at the next regular election, the person receiving the next highest number of votes shall be deemed elected to serve the unexpired term or terms.”
Thereafter the City Council on October 6, 1958, appointed Daniel C. Meyer to serve until the next general city election to be held in 1960. It is in evidence, as shown by an excerpt of the Minutes of a Special Called Meeting of the Mayor and City Council of the City of Temple Terrace, Florida, on October 6, 1958, that the City Council interpreted Section 26 to mean:
“ * * * that the Council shall appoint some person qualified in accordance with Section 19A of said Charter, to fill the present vacancy until the next regular election. At the next regular election to be held in June of 1960, the two candidates receiving the highest number of votes shall be deemed elected for a term of four years, in accordance with Section 19-B of said Charter, and the candidate receiving the next highest number of votes shall be deemed elected for two years, in accordance with the same Section. The candidate receiving the next highest number of votes after those regularly elected, shall be deemed elected to fill the unexpired term of the present vacancy.”
Kraft brought the present action from which ensued the chancellor’s final decree, a portion of which is quoted above.
The chancellor, in construing Section 26, supra, took the position that “there is nothing in the section or the entire act expressly authorizing the council to fill a vacancy not expiring at the next regular election.” Obviously, the legislature could have provided specifically in the section that any vacancy be filled by the council until the next regular election. But this they did not do, so we must construe the section as it now reads.
The first sentence in Section 26, supra, contains the following: “Any vacancies in the City Council shall be filled for the unexpired term or terms by the Council, * * Then after a comma the sentence goes on to put a limitation upon the powers of the City Council. This limitation, or proviso, controls and limits the term of office of the appointee until the next regular election. The proviso refers to a vacancy as to a councilman whose term of office does not expire at the next regular election, which is the only election referred to in the sentence; and this conditional provision is followed by the requirement that the person receiving the next highest number of votes shall be deemed elected to serve the unexpired term or terms. The phrase, “the next regular election”, we think is the key to the meaning intended by the legislature. We are of the opinion that the true meaning of the statute is that the phrase “receiving the next highest number of votes” relates to “the next regular election” as it is referred to in the preceding conditional provision, that the council’s appointee shall serve until the next regular election, and that the person who receives the highest number of votes at the next regular election shall be deemed elected to serve the remaining portion of the unexpired term.
The case of Frix v. State ex rel. Lautz, 1947, 159 Fla. 724, 33 So.2d 854, 856, throws some light upon the proper interpretation to be given to Section 26. In the Frix case a regular election was held in the Village of Miami Shores on the 17th day of June, 1947. There were six candidates, although only three offices were to be filled, and the appellee Frank E. Lautz received the fourth highest number of votes. Immediately after the election one councilman, who had been elected to a four year term of which he had served two years, resigned; and the city council appointed George A. Frix, who had not been a candidate in the election. Frank E. Lautz, who had received the fourth highest number of votes, brought an action to oust Frix and have himself *260 installed in office. The lower court found for Lautz, but our Supreme Court reversed the judgment of the lower court and held that the appointment by the city council of George A. Frix carried out the intent of the applicable statute. The pertinent part of the charter involved in the Frix case provides:
“ * * * ‘That the Council may fill vacancies from time to time in any office, ad interim until the next regular election and the candidate receiving the fourth highest number of votes at such regular election shall be elected to fill such unexpired term (if additional unexpired term shall exist by reason of another vacancy on said Council then the candidate in such regular election receiving the fifth highest vote shall be elected to fill such unexpired term) and shall serve thereunder only during such unexpired term, the term of office remaining unchanged.’ * * *.”
The Supreme Court held:
“Therefore we must construe the language to mean just what it says, which leads us to what we think is an inevitable conclusion that if a Councilman has been elected for a term resigns then the remaining Councilmen are required to appoint some one to fill the vacancy until the next ensuing general election at which time if such term does not expire some one shall be elected to fill the then unexpired term, and the person so elected shall be the one receiving the fourth highest vote in that first general election occurring after the resignation. The voters would be presumed to know of the existing condition, that in such case four Councilmen would be elected and that the candidate receiving the fourth highest vote would be elected to fill such unexpired term and would cast .their ballots in the light of this knowledge.”
The section of the charter act involved in the Frix case, supra, uses the language “until the next regular election”, which is absent from section 26 in the instant case; but we believe that to give any other interpretation to section 26 would thwart the intention of the legislature. For instance, in almost every election someone, in a spirit of ridicule, anger, frivolity, or for other reason, writes in the name of some person whose incompetency to fill the position would be readily acknowledged. Certainly the legislature did not, or could not, have meant that the writing in of a name on a ballot under certain circumstances might justify the elevation of such person to a longer period on the city council than was-accorded to a person elected by the vote of electors in the particular election. In interpreting the statute in line with Frix v. State ex rel. Lautz supra, this result can be obviated; and at the same time the people’s elected representatives, in whom the people have expressed confidence, can be given the duty of appointing a city councilman who will hold office until the next regular election when such appointee or anyone else who may be running for that office shall be, in the language of the statute, “elected to serve the unexpired term” of James A. Rodger. Hence, at the next regular election, there will be in accordance with the charter the ordinary vacancies consisting of two four year terms and one two year term; and in addition, assuming there will be no further vacancies, there will be a vacancy in the remaining two year portion of the unexpired term of James A. Rodger, which will be filled by the person who receives the fourth highest number of votes.
In reversing the lower court we hold that the Council of the City of Temple Terrace had the authority, in the first instance, to appoint Daniel C. Meyer for a term of office that expires at the next regular election, and then to proceed in accordance with the language in section 26.
Reversed.
ALLEN, C. J., and KANNER, J., concur.