PER CURIAM.
Supreme Court of Florida
Tallahassee
December 14, 1959
The Honorable LeRoy Collins,
■Governor of the State of Florida,
The Capitol,
Tallahassee, Florida
Dear Sir:
We have your request of November 30, 1959, for our opinion affecting your executive powers and duties as follows:
“Honorable Elwyn Thomas Chief Justice and the Justices of the Supreme Court of Florida. Supreme Court Building, Tallahassee, Florida
“Re: Vacancy in office of county commissioner for Dade County; how and by whom filled.
“Gentlemen:
“I submit the following .request for advisory opinion pursuant 'to the provisions of Section 13, Article IV, of the State Constitution [F.S.A.].
“Mr. Edwin Lee Mason was elected to the office of Dade County Commissioner, District No. 2, at the General Election of November 6, 1956. At this same election the voters of Florida approved the constitutional amendment (Section 11 of Article VIII) authorizing the creation of a home rule charter of government for Dade County. Mr. Mason was sworn in and took office the first week of January, 1957, for a term of four years. The charter of metropolitan Dade County was later prepared and adopted at a special election on May 21, 1957 to become effective sixty days thereafter.
“There now exists a vacancy in the office of Dade County Commissioner, District No. 2, as Mr. Mason has resigned said position, which resignation has been accepted by me and filed with the Secretary of State.
“The said Home Rule Charter provides in Section 1.07 that,
“ ‘Any vacancy in the Board shall be filled by majority vote of the remaining members of the board within thirty days, or the Board shall call an election to be held not more than forty-five days thereafter to fill the vacancy.’
“As heretofore pointed out this charter became operative by virtue of the express authorization of the 1956 amendment to the State Constitution. This authorizing organic amendment includes the following provisions :
“‘(1) The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body. This charter:
“‘(a) Shall fix the boundaries of each ■ county commission district, provide a method for changing them from time to time, and fix the number, terms and compensation of the commissioners, and their method of election.’ (emphasis supplied)
*427 “ ‘ (i) Shall provide a method for the recall of any commissioner and a method for initiative and referendum, including the initiation of and referendum on ordinances and the amendment or revision of the home rule charter, provided, however, that the power of the Governor and Senate relating to the suspension and removal of officers provided for in this Constitution shall not be impaired, but shall extend to all officers provided for in said home rule charter.’
“Note particularly the following additional provisions of said constitutional amendment dealing with its implementation in relation to other constitutional provisions:
“Subsection (S) of said Section 11, Article VIII, further provides that,
“ ‘ * * * the home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws * * * except as expressly authorized in this section nor shall any ordinance enacted in pursuance to said home rule charter conflict with this Constitution * * * *
“And subsection (9) of said Section and Article further provides that,
“ ‘It is declared to be the intent of the Legislature and of the electors of the State of Florida * * * that the provisions of this Constitution * * * shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution * * * >
“It appears that nowhere in the authorizing organic amendment is there any specific authority for the filling by appointment of vacancies occurring in county offices for Dade County. There do, however, appear to be other sections of the constitution which do make provision for the filling of such vacancies in state and county offices.
“It is provided in Section 27, Article III, that,
“ ‘The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this constitution, and fix by law their duties and compensation.’
“It is further provided by Section 7, Article IV, that,
“ ‘When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.’
“And, by Section 6, Article XVIII, that,
“ ‘The term of office for all appointees to fill vacancies in any of the elective offices under this constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.’
“In this connection see also Section 7, Article XVIII, relating to elections to fill vacancies.
“As Governor, I am not certain whether such vacancy should be filled by me or by the remaining commissioners of Dade County and, therefore, pose the following question:
.“Do I, as Governor, have the responsibility and authority to fill the existing vacancy specified above ?
“Sincerely,
“/s/ LeRoy Collins
“Governor”
The query which you have posed may be answered by a determination of the question whether the 1956 amendment to the constitution granted unto the electors of Dade County the authority to provide in the Home Rule Charter for a method of filling vacancies which might occur on the Board of Commissioners. It is clear that the people of Dade County did, in' the *428 charter which they adopted, empower the Board of County Commissioners to fill a vacancy on said board either by a majority vote of the remaining members of said board or by the board calling an election.
As was pointed out in Chase v. Cowart, Fla., 102 So.2d 147, 152, subsection (5) of Section 11, Article VIII of the Constitution provides that the Home Rule Charter “shall not conflict with any provision of this Constitution * * * except as expressly authorized in this section * * * ”
We now consider whether the 1956 amendment was sufficiently broad to give the electors of Dade County the power to enact the provisions of Section 1.07 of their charter. As you point out in your communication, the 1956 amendment authorized the electors of Dade County, Florida, to create a Home Rule Charter, under which charter, if adopted, the Board of County Commissioners of Dade County should be the governing body. The 1956 amendment also authorized the Home Rule Charter to “ * * * fix the boundaries of each county commission district, provide a method for changing them from time to time, and fix the number, terms and compensation of the commissioners, and their method of election.” (Emphasis supplied.)
We are of the opinion that the italicized language “their method of election”* is broad enough to include the power of providing a method for the election or selection of a member to fill an existing vacancy on the board.
The meaning of the term “method of election,” was considered by this court in the case of Dade County v. Young Democratic Club of Dade County, Fla.1958, 104 So.2d 636, 638. In that case we held said language expressly authorized a charter provision providing for a non-partisan election of the Dade County Commissioner^. We decided that the term “ ‘method’ ha? to do with the way or means of doing a thing. It is often referred to as the mode, plan, design or manner in which a project is executed.”
By our prior decisions, we have established that the primary meaning of the word election is choice; the act of choosing. Pearson v. Taylor, 1937, 159 Fla. 775, 32 So.2d 826. Election has been defined as the choice which several persons collectively make of a person to fill an office or place. Alexander v. Booth, Fla. 1952, 56 So.2d 716, and cases cited therein.
In defining the term, “Elections”, B alien-tine’s Law Dictionary states that wherever the selection of an officer “is referred to the people or to an organized body” (Emphasis supplied.) it is called an election. See Speed & Worthington v. Crawford, 1860, 3 Metc. 207, 60 Ky. 207, 211.
There can be no doubt that the language “method of election” is as applicable to the selection of one to fill a vacancy as it is to the selection of' a member of the board for a full term. In either case there is a selection by election to fill a vacancy.
From these and other authorities, we have reached the conclusion that the term “method of election” clearly and expressly authorizes the charter provision now under consideration.
We feel that the conclusion which we have reached is definitely consonant with the basic, fundamental, underlying principle or theory of home rule government.
Since we have determined that Article VIII, Section 11(1) (a) expressly authorized the people of Dade County to place Section 1.07 in their Plome Rule Charter, it follows that the appointive power of the Governor to fill vacancies, which is granted unto him by Article IV, Section 7, is superseded by the Home Rule Charter provision.
It is, therefore, our conclusion, and we so advise you, that you do not have the *429 responsibility and authority to fill the vacancy on the Board of County Commissioners of Dade County, which was created by the resignation of Mr. Mason.
Respectfully submitted,
ELWYN THOMAS,
Chief Justice
GLENN TERRELL
T. FRANK HOBSON
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
STEPHEN C. O’CONNELL,
Justices.