313 So.2d 697 (1975)
In re ADVISORY OPINION OF the GOVERNOR, APPOINTMENT OF COUNTY COMMISSIONERS, DADE COUNTY.
No. 47357.
Supreme Court of Florida.
May 21, 1975.
Arthur C. Canaday, Gen. Counsel, Tallahassee, for Governor Reubin O'D. Askew.
Stuart Simon, Dade County Atty., for Bd. of County Commissioners, Dade County.
Honorable Reubin O'D. Askew
Governor, State of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of May 12, 1975, requesting our advice pursuant to Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, relating to certain executive powers and duties. *698 Omitting the formal parts, your letter reads as follows:
"On May 6, 1975 the Dade County Grand Jury returned an Indictment against three members of the County Commission of Dade County, Florida, alleging commission of certain felonies. Under the provisions of Article IV, § 7(a), I have suspended these county officers from their duties. A question has now arisen as to the authority for the filling of the vacancies in this office. Article IV, § 7(a) of the Florida Constitution, states as follows:
"`(a) By executive order stating the grounds and filed with the secretary of state, the governor may suspend from office any state officer not subject to impeachment, any officer of the militia not in the active service of the United States, or any county officer, for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony, and may fill the office by appointment for the period of suspension. The suspended officer may at any time before removal be reinstated by the governor.'
"However, Dade County has a Home Rule Charter in effect that provides in part for filling vacancies in the following manner:
"`Section 1.07 Any vacancy in the office of mayor or the other members of the Board shall be filled by majority vote of the remaining members of the Board within 30 days, or the Board shall call an election to be held not more than 45 days thereafter to fill the vacancy... .'
"This charter provision is operative by virtue of Article VIII, Section 11 of the Florida Constitution granting Dade County home rule powers.
"Due to the Dade County Charter provision and the Supreme Court Opinion in In Re: Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959), which interpreted Article VIII, Section 11 and the Governor's vacancy-filling power under Article IV, Section 1(f), Florida Constitution, this office realizes that a question could be raised as to the Governor's authority to appoint successors to the suspended County Commissioners in this case even though a different section of the State Constitution is involved (Article IV, Section 7).
"In view of the above circumstances, I, therefore, submit the following question for your consideration:
"Does Article IV, Section 7 of the Florida Constitution authorize the governor to fill by appointment a vacancy in a county office caused by an executive suspension where the office is authorized under a Home Rule Charter providing for the filling of such a vacancy or does the charter provision come within the grant of authority of Article VIII, Section 11 or any other provision of the Florida Constitution, therefore validating it's provisions as to vacancies?"
In response to your question, we find for the following reasons that Article IV, Section 7, Constitution of Florida,[*] authorizes you to make the appointments to the offices of Dade County Commissioners during the period of suspension.
Article IV, Section 7, Constitution of Florida,[*] which states:
"(a) By executive order stating the grounds and filed with the secretary of state, the governor may suspend from office any state officer not subject to impeachment, any officer of the militia not in the active service of the United States, or any county officer, for malfeasance, misfeasance, neglect of duty, *699 drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony, and may fill the office by appointment for the period of suspension. The suspended officer may at any time before removal be reinstated by the governor." (Underscoring supplied)
provides a full and complete method for suspension from office of county officers by the Governor and includes the power of the Governor to fill the office by appointment for the period of suspension and the power to reinstante the officer before removal. This constitutional provision is complete in itself and to be distinguished from Article IV, Section 1(f), Constitution of Florida, which provides:
"When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election." (Underscoring supplied)
By statute, the Legislature has defined when an office is deemed vacant, as follows:
"114.01 Office deemed vacant in certain cases  Every office shall be deemed vacant in the following cases:
(1) By the death of the incumbent.
(2) By his resignation.
(3) By his removal.
(4) By his ceasing to be an inhabitant of the state, district, county, town or city for which he shall have been elected or appointed.
(5) By his neglect or refusal to qualify according to law within thirty days after his election or appointment, or by his refusal to accept the office.
(6) When any office created or continued by the constitution or laws shall not have been filled by election or appointment under the constitution or law creating or continuing such office.
(7) The conviction of the incumbent of any felony, or an offense involving a violation of his official oath.
(8) The decision of a competent tribunal declaring void his election or appointment, and his removal by said tribunal.
(9) The governor may also declare vacant the office of every officer required by law to execute an official bond, when a judgment shall be obtained against such officer for the breach of the condition of such bond.
(10) If any officer shall be required by law to give a bond in the performance of any duty of his office, and shall fail so to do, the governor may declare the office vacant."
This accords with Section 3, Article X, Constitution of Florida (1968) which provides:
"Vacancy in office.  Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term."
In State ex rel. Hardie v. Coleman, 155 So. 129 (Fla. 1934), relative to the suspension power of the Governor, this Court stated:
"From this it will be seen that section 15 of Article 4 of the Constitution provides a full, adequate, and complete method for the suspension and removal of officers *700 in this state. The Governor is vested with the power of suspension, while the officer suspended can only be removed by the approval of the Senate; that is to say, removals are accomplished by the joint action of the Governor and the Senate."
Cf. In re Advisory to Governor, 69 Fla. 508, 68 So. 450 (1915). Article VIII, Section 11, Constitution of Florida (1885),[1] provides:
"(1) The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners of Dade County shall be the governing body. This charter:
(a) Shall fix the boundaries of each county commission district, provide a method for changing them from time to time, and fix the number, terms and compensation of the commissioners, and their method of election.
* * * * * *
(i) Shall provide a method for the recall of any commissioner and a method for initiative and referendum, including the initiation of and referendum on ordinances and the amendment or revision of the home rule charter, provided, however, that the power of the Governor and Senate relating to the suspension and removal of officers provided for in this Constitution shall not be impaired, but shall extend to all officers provided for in said home rule charter." (Underscoring supplied)
We held in In re Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959), that the aforestated constitutional provision was sufficiently broad to give the electors of Dade County the power to enact Section 1.07 of their charter, which states:
"Any vacancy in the office of Mayor or the other members of the Board shall be filled by majority vote of the remaining members of the Board within 30 days, or the Board shall call an election to be held not more than 45 days thereafter to fill the vacancy. The person chosen to fill the office vacated must at the time of his appointment meet the residence requirements for the office to which he is appointed. If the person is appointed, he shall serve only until the next state primary election. If the person is elected, he shall serve for the remainder of the unexpired term of the office to which he is appointed [elected]."
This Court in In re Advisory Opinion to the Governor, supra, was confronted with a question posited by Governor LeRoy Collins relative to who should fill the vacancy in the office of county commissioner caused by the resignation of Edwin Mason from the Dade County Commission. Therein, having determined that Section 1.07 was authorized by Article VIII, Section 11, this Court was concerned with the construction of Article IV, Section 7, Constitution of Florida (1885),[2] which provided:
"When any office, from any cause, shall become vacant, and no mode is provided *701 by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."
when measured against Article VIII, Section 11(1)(a), Constitution of Florida (1885 amended and which was brought forward in the 1968 Constitution) and concluded:
"Since we have determined that Article VIII, Section 11(1) (a) expressly authorized the people of Dade County to place Section 1.07 in their Home Rule Charter, it follows that the appointive power of the Governor to fill vacancies, which is granted unto him by Article IV, Section 7, is superseded by the Home Rule Charter provision."
Sub judice, we have a different situation in that we do not have a vacancy in office created by resignation or created by any of the circumstances specified by Section 114.01, Florida Statutes. Article IV, Section 7, regarding the Governor's power to fill the office from which he has suspended an officer for the period of suspension is a separate and distinct provision from Article IV, Section 1(f), which deals with the Governor's power of appointment when a vacancy occurs in a state or county office. An office is not deemed vacant under Section 114.01 upon charge of commission of felony but rather is deemed vacant upon "conviction of the incumbent of any felony, or an offense involving a violation of his official oath." This Court explicitly stated in In re Advisory Opinion to the Governor, 75 Fla. 674, 78 So. 673 (1918), as follows:
"Where an incumbent is suspended from office, the appointment contemplated by law to fill the office is merely to exercise all the authority of the office; the duration of the authority under the appointment depending on whether the person suspended is reinstated, or is removed, or resumes the duties of the office because of action or nonaction of the Senate. While an officer may be suspended from office `for the commission of any felony,' the office is not `deemed vacant' under Section 298 of the General Statutes, except upon `conviction,' and a conviction is not operative while a supersedeas is effective. When an office becomes vacant, it may be filled as the law provides."
Although we held that Article IV, Section 7 (now Article IV, Section 1(f)) was superseded by the Dade County Home Rule Charter provision, we do not find that such provision supersedes the Governor's power of appointment for the period of suspension as provided for in Article IV, Section 7.
This Court has consistently held that the Constitution shall be construed in such a manner as to give effect to every clause and every part thereof. Every provision is inserted for a definite purpose and all sections and provisions of the Constitution must be construed in para materia. We reemphasize the following language of Article VIII, Section 11(i) (Article VIII, Section 6(e)): "... provided, however, that the power of the Governor and Senate relating to suspension and removal of officers provided for in this Constitution shall not be impaired, but shall extend to all officers provided for in said home rule charter." (Underscoring supplied) The power of the Governor to suspend includes his power to fill that office by appointment during the period of suspension.
There is a vast difference between appointing for the period of suspension, *702 which is temporary in nature, and appointing to fill a "vacancy" when such occurs under Florida Statute 114.01 or Section 3, Article X, Constitution of Florida (1968). Suspension by the Governor does not create a "vacancy" as defined in the statute or constitution. The "vacancy" occurs when the Senate removes the suspended person from office.
It is, therefore, our opinion that as to those cases where the Governor suspends pursuant to his power to do so specified in Article IV, Section 7, Constitution of Florida (1968), he has the concomitant power to fill the office by appointment for the period of suspension which power is not abrogated by the Dade County Home Rule Charter. In other cases, where a statutory or constitutional "vacancy" occurs on the Dade County Commission as was the case in In re Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959), wherein Mason resigned from the County Commission, thus creating a vacancy in office, the Charter provision 1.07 would apply.
Accordingly, in response to your question, it is our opinion that the situation is controlled by Article IV, Section 7, Constitution of Florida (1968), and that it is, therefore, your power and duty to fill by appointment, during the period of suspension, the vacancies in office of Dade County Commissioners caused by executive suspension.
 Respectfully,
 JAMES C. ADKINS,
 B.K. ROBERTS,
 BEN F. OVERTON,
 ARTHUR J. ENGLAND, Jr.
I must respectfully disagree with the majority view expressed herein.
The general provision authorizing the Governor to fill an office by appointment for the period of the suspension of the elected officer rests in Article IV, Section 7(a), Florida Constitution (1968).
A specific provision relating to the matter before the Court is found in Article VIII, Section 11(1)(i), Florida Constitution 1885 (adopted by Article VIII, Section 6(e), Florida Constitution 1968):
"... provided ... that the power of the Governor... relating to the suspension and removal of officers provided for in this Constitution shall not be impaired, but shall extend to all officers provided for in said home rule charter." (emphasis supplied)
This provision relates only to the power to suspend and remove, it does not refer to a power to appoint.
Pursuant to the constitutional provision, Section 1.07, Dade County Home Rule Charter, is operative and provides:
"Any vacancy in the office of mayor or the other members of the Board shall be filled by majority vote of the remaining members of the Board ... or [by] election... ."
According to In Re Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959), "the appointive power of the Governor to fill vacancies, which is granted unto him by Article IV, Section 7, is superseded by the Home Rule Charter provision."
I fail to see the distinction which the majority attempts to find. It is, to me, a distinction without a difference to say that in the 1959 case, supra, the vacancy was due to resignation, while in the instant case it is due to suspension. According to Section 1.07, Dade County Home Rule Charter, supra, any vacancy shall be filled by the remaining Board members or by election.
In my view, the people of Dade County either have home rule government or they don't. The concept of home rule should be construed to mean that the people of Dade *703 County may operate their government with as little interference as possible from Tallahassee on matters of purely local concern. I consider this to include the filling of vacancies on the Board of County Commissioners.
It may well be argued that the filling of a temporary vacancy should be handled by the Governor, but that a permanent vacancy shall be filled by the Commission or election. This view is not supported by logic or reason. The duties of a temporary Commissioner serving during the suspension of a duly elected Commissioner are the same as those of one appointed on a permanent basis to succeed a Commissioner who has resigned or otherwise been removed.
It is a well recognized principle of law that a special provision in law conflicting with a general provision shall prevail [Adams v. Culver, 111 So.2d 665 (Fla. 1959)]. Applying that principle here it seems that the Governor's power to fill vacancies during suspension applies only in counties which do not have constitutional provisions under home rule limiting such powers.
Nevertheless, since this Court has heretofore determined in In Re Advisory Opinion to the Governor, supra, that the Board of County Commissioners shall fill vacancies permanently created, it would seem paradoxical to conclude that the Governor can fill vacancies during suspension of any Commissioner but upon the death or permanent removal for any reason the terminated Commissioner's office would be filled by the remaining members of the Commission or by election. It seems reasonable to assume that it is the constitutional intent that the same entity of government having power to make the permanent successor appointment should likewise have power to fill the temporary vacancy created by suspension. In the normal course of events it would seem logical that those persons selected on a temporary basis should continue in office should the person whom they replace never return. Stability in government would thus be perpetuated.
Therefore, it is my view that the Board of County Commissioners, not the Governor, should appoint these successors.
JOSEPH A. BOYD, Jr.
NOTES
[*] (1968)
[1] Article VIII, Section 6(e), Constitution of Florida, states: "CONSOLIDATION AND HOME RULE. Article VIII, Sections 9, 10, 11 and 24, of the Constitution of 1885, as amended, shall remain in full force and effect as to each county affected, as if this article had not been adopted, until that county shall expressly adopt a charter or home rule plan pursuant to this article. All provisions of the Metropolitan Dade County Home Rule Charter, heretofore or hereafter adopted by the electors of Dade County pursuant to Article VIII, Section 11, of the Constitution of 1885, as amended, shall be valid, and any amendments to such charter shall be valid; provided that the said provisions of such charter and the said amendments thereto are authorized under said Article VIII, Section 11, of the Constitution of 1885, as amended."
[2] Article IV, Section 7 (Constitution, 1885), was the predecessor of Article IV, Section 1 (f), Constitution of Florida (1968). Section 15, Article IV, Constitution of Florida (1885) (not Section 7, Article IV, thereof) was the predecessor of Section 7, Article IV, Constitution of Florida (1968), which we now have under review. Caution requires us to note that Article IV, Section 7, Constitution of Florida (1968) is not a restatement of Article IV, Section 7, Constitution of Florida (1885), and the two should not be confused.