QUESTION: May the Town Council of the Town of Lake Placid amend a provision of the charter of that town establishing the method by which vacancies in the offices of mayor and town councilman are to be filled without an approving referendum?
SUMMARY: The legislative and governing body of a municipality may make no change in a municipal charter provision which affects the method established therein for filling vacancies in elective municipal office without referendum approval as provided in s.166.031, F.S. According to your letter, the town charter of the Town of Lake Placid provides as follows: The Mayor and all Town Council members shall be elected at the general election of 1937, hereinafter provided for, for the term of two years, and a general election shall be held thereafter biennially. If any vacancy occurs in the office of Mayor or any Councilman from any cause, a nomination and election shall be held to fill such vacancy for the unexpired term. You inquire as to whether the town council, without approving referendum, may amend the foregoing charter provision to provide for the filling of vacancies on the town council by the remaining members thereof. Section 166.021(1), F.S., of the Municipal Home Rule Powers Act, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." In order to implement this broad grant of home rule power to municipalities, s.166.021(4) and (5), id., modified and repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. However, s. 166.021(4) states that nothing in Ch. 166, id., is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein, including "the terms of elected officers and the manner of their election," (Emphasis supplied.) without referendum approval as provided in s. 166.031. Since none of the other subject matters enumerated in s.166.021(4), F.S., appear to relate to the charter provision to which your refer, I am of the opinion that the answer to your inquiry will be determined by a construction of the phrase "the manner of their election" (italicized supra). In this regard, the Florida Supreme Court construed similar language in In re Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959). The question there presented was whether the electors of Dade County had the authority to amend the Dade County Home Rule Charter to provide that any vacancy on the Board of County Commissioners of Dade County would be filled by majority vote of the remaining members of the board. The Dade County Home Rule Amendment to the 1885 Constitution provided that the electors of Dade County could adopt, revise, and amend from time to time a home rule charter which would fix, inter alia, "the number, terms and compensation of the commissioners, and their method of election." (Emphasis supplied.) See Art. VIII, s. 11(1)(a), State Const. 1885, carried forward in effect by Art. VIII, s. 6(e), State Const. The court stated that the term "method" has to do with "the way or means of doing a thing"; and that the term "is often referred to as the mode, plan, design or manner in which a project is executed." (Emphasis supplied.) [See] 116 So.2d at p. 428. The court also stated that "the primary meaning of the word election is choice; the act of choosing"; that an election is "the choice which several persons collectively make of a person to fill an office or place"; and that "whenever the selection of an officer is referred to the people or to an organized body it is called an election." Id. It was, therefore, concluded that There can be no doubt that the language "method of election" is as applicable to the selection of one to fill a vacancy as it is to the selection of a member of the board for a full term. In either case there is a selection by election to fill a vacancy. [Id.] Consistent with this judicial interpretation of the phrase "method of election," it would appear that the phrase the manner of their election contained in s. 166.021(4), F.S., is applicable to the filling of all vacancies on a municipal legislative body, whether for a full term or otherwise. Thus, in answer to your inquiry, the town council of the Town of Lake Placid may make no change in a provision of the charter of that town which would affect the method established therein for filling vacancies in the office of town councilman without referendum approval as provided in s.166.031, id. Your question is answered in the negative.