QUESTIONS: 1. Does the Governor have the power to suspend the Mayor of the City of Jacksonville from office? 2. If the answer to question 1 is in the affirmative, what procedure should be utilized to fill the vacancy which would be created by such a suspension?
SUMMARY: Although the matter is not entirely free from doubt and would be an appropriate subject for a request for an opinion of the Florida Supreme Court, it would appear that if, in the exercise of his constitutional discretion, the Governor deems it advisable to suspend the Mayor of the City of Jacksonville and make an appointment to such office for the period of the suspension, such suspension and appointment are authorized under s. 7(c), Art. IV, State Const. Because of their interrelationship, your questions will be answered together. It should also be noted that you advise in your letter that the Mayor of the City of Jacksonville has been indicted by a grand jury for several criminal violations, which include two misdemeanors and a felony. The scope of the discussion which follows is limited to the specific situation which prompts your letter. The questions you have posed first require an examination into the nature of the City of Jacksonville, which is, in some regards, rather unique. Section 9 of Art. VIII of the State Constitution of 1885, the full force and effect of which is preserved by s. 6(e) of Art. VIII of the present Constitution provides, inter alia: The Legislature shall have power to establish, alter or abolish, a Municipal corporation to be known as the City of Jacksonville, extending territorially throughout the present limits of Duval County, in the place of any or all county, district, municipal and local governments, boards, bodies and officers, constitutional or statutory, legislative, executive, judicial, or administrative, and shall prescribe the jurisdiction, powers, duties and functions of such municipal corporation, its legislative, executive, judicial and administrative departments and its boards, bodies and officers . . . . Such municipality may exercise all the powers of a municipal corporation and shall also be recognized as one of the legal political divisions of the State with the duties and obligations of a county and shall be entitled to all the powers, rights and privileges, including representation in the State Legislature, which would accrue to it if it were a county. . . . (Emphasis supplied.) It seems clear from the foregoing that, although the City of Jacksonville may exercise county powers, it is a municipal corporation. Thus, construing the foregoing together with the constitutional provisions relating to the Governor's power to suspend officers, it would appear most reasonable to conclude that, for purposes of the exercise of such powers, the Mayor of the City of Jacksonville is a municipal officer. Accordingly, if in the exercise of your constitutional discretion you deem it advisable to exercise your power to suspend to the Mayor of the City of Jacksonville, such power should be exercised pursuant to s. 7(c), Art. IV, State Const., which provides as follows: By order of the governor any elected municipal officer indicted for crime may be suspended from office until acquitted and the office filled by appointment for the period of suspension, not to extend beyond the term, unless these powers are vested elsewhere by law or the municipal charter. On the basis of the foregoing I am of the view that, although the Mayor of the City of Jacksonville may exercise some functions of a county officer, he is clearly a municipal officer and may be regarded as such for the purposes of the Governor's suspension powers under s. 7(c), Art. IV, supra. In reaching this conclusion, I am not unmindful of the provisions of s. 112.49, F. S., to the effect that where municipal and county government have been merged . . . any officer, official or employee of such merged government who exercises the powers and duties of a county officer, whether he shall be elected or appointed, shall be deemed to be a county officer and therefore subject to the power of the Governor under the State Constitution to suspend officers. . . . It should first be noted that the quoted provision applies only to an officer who exercises the powers and duties of a county officer, which does not appear to be the case here. And, in any event, s. 112.49, F. S., does not purport to deprive a municipal officer of such a merged government of his status as municipal officer, but merely has the effect, at best, of making him also a county officer for the purposes of the Governor's suspension powers. Further, when a statute is susceptible to more than one construction, it must be given that construction which will avoid conflict with a constitutional provision, in this case the provisions of s. 7(c), Art. IV, which authorize the suspension of municipal officers. It is equally well established that in cases of conflict between statutory and constitutional provisions the former must yield to the latter. See In re Advisory Opinion of Governor, 313 So.2d 697
(Fla. 1975), in which the court concluded that as between the Constitution and the Dade County Charter, the Constitution must prevail. As to the Governor's power to make an appointment under s. 7(c), Art. IV, State Const., I find no provision of law or the charter of the City of Jacksonville which vests such power elsewhere. In so concluding, I am aware of s. 112.51, F. S., which provides that a temporary appointment to fill a temporary vacancy in municipal office occurring under the circumstances described therein "shall be made in the same manner and by the same authority by which permanent vacancies for such office are filled as provided by law." However, I find no provision of law, including the charter acts of the City of Jacksonville, which provides a manner for making appointment to fill the office of mayor if he is suspended from office by the Governor pursuant to s. 7(c), Art. IV, in the present circumstances. Thus, the Governor's power to appoint under s. 7(c), Art. IV, does not appear to be vested elsewhere by the law or municipal charter. Moreover, I am aware of s. 6.07 of the Charter of the City of Jacksonville, as amended by Ch. 70-748, Laws of Florida, which provides that the president of the council shall automatically become acting mayor if the mayor is absent or becomes incapable of acting as mayor and incapable of delegating his duties. However, there is nothing in s. 6.07 which specifically relates to suspension of the mayor. Further, I am of the view that such charter provision contemplates only such circumstances as when the mayor is physically absent from the county or is by reason of physical or mental infirmity or impairment unable to carry out the duties of his office. See 20A Words and Phrases Incapable, pp. 62-65. The above discussion has resolved any inconsistencies that may exist between the provisions of Ch. 112, F. S., and Articles IV and VIII, State Const., in a manner that preserves the constitutional integrity of both. Since there are constitutional infirmities that only the Florida Supreme Court can resolve, it would be appropriate for you to exercise your constitutional power under s. 1(c), Art. IV, State Const., to request an advisory opinion of the Florida Supreme Court.