Mr. Herbert Elliott City Attorney City of Tarpon Springs Post Office Box 1575 Tarpon Springs, Florida 34286-1575
Dear Mr. Elliott:
This is in response to your request for an opinion on substantially the following question:
 ARE MUNICIPAL LEGISLATIVE BODIES AUTHORIZED TO FILL VACANCIES THEREON BY APPOINTMENT MADE BY A MAJORITY VOTE OF THE REMAINING MEMBERS?
According to your letter of inquiry, the City of Tarpon Springs Charter contains the following provision:
 In the event that any mayor-commissioner or commissioner dies, resigns, is disabled, recalled, or ceases to be a qualified city elector, the remaining commissioners shall within thirty (30) days appoint a successor to fill such vacancy, with at least three (3) votes concurring, if less than one hundred eighty (180) days remain therein, as determined from the date that such condition first in fact existed, even if a special election is otherwise held during such period.
Cf., s. 3, Art. X, State Const., and s. 114.01, F.S., specifying when a "vacancy" in office shall occur.
You question whether s. 2(b), Art. VIII, State Const., may be construed to prohibit such appointments. Section 2(b), Art. VIII, State Const., grants to municipalities "governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services," and directs that municipalities "may exercise any power for municipal purposes except as otherwise provided by law." That subsection also provides that "[e]ach municipal legislative body shall be elective."
It is to be initially emphasized that this opinion should not be construed as commenting upon the validity of the foregoing charter provision. Rather, the comments expressed herein are directed to the question of whether s. 2(b), Art. VIII, State Const., precludes municipal governing bodies from filling vacancies thereon by appointment.
My research has failed to reveal any Attorney General Opinions or appellate judicial decisions construing the clause in s. 2(b), Art. VIII, State Const., set forth above to preclude a municipality from filling a vacancy on its governing body by appointment made by a majority vote of the remaining members. Rather, this office has recognized the authority of municipal governing bodies to fill vacancies thereon, provided such power is reflected in the municipal charter. In AGO 75-158 this office addressed the question of whether a town council could amend its charter to provide for the filling of vacancies on the town council by the remaining members thereof. The charter directed that in the event of a vacancy in the office of the Mayor or any Councilman, a nomination and election had to be held to fill such vacancy for the unexpired term. This office construed s.166.021(4), F.S., and concluded that the legislative and governing body of a municipality could make no change in a municipal charter provision which affects the method established therein for filling vacancies in an elective municipal office without referendum approval as provided in s. 166.031, F.S. See also, AGO 72-326, concluding, inter alia, that a city commission should not use a secret ballot in filling a vacancy in office thereon; AGO 75-34, which concluded that a municipal officer who resigns in order to comply with the resign-to-run law is eligible for appointment to fill the vacancy created by his resignation where it is provided in a municipal charter that such vacancies are to be filled by appointment; AGO 75-83, concluding inter alia, that when an election is held for the recall of only one member of the governing body of a municipality, any vacancy resulting from the recall election may be filled in the manner provided in the municipal charter or ordinances. You have not brought to my attention any recent judicial decisions or other authority which would alter the foregoing conclusions. Cf., s. 7(c), Art. IV, State Const., directing that "[b]y order of the governor any elected municipal officer indicted for crime may be suspended from office until acquitted and the office filled by appointment for the period of suspension, not to extend beyond the term, unless these powers are vested elsewhere by law or the municipal charter" (e.s.); s. 99.012(2), F.S., the resign-to-run law, providing, inter alia, that in regard to an elective municipal office, "such resignation shall create a vacancy which may be filled for the unexpired term of the resigned officer in such manner as provided in the municipal . . . charter."
It has been stated that the fact that an office is elective does not prevent the filling of a vacancy thereon by appointment, absent some contrary provision of law. 9 Fla.Jur.2d Civil Servants and Other Public Officers and Employees s. 53; 63A Am.Jur.2d Public Officers and Employees s. 136. Cf., 67 C.J.S. Officers and Public Employees s. 78 (law authorizing electors to elect a person to fill a certain office does not, by implication, authorize them at intermediate election to choose a person to fill out unexpired term of same office). Moreover, Florida judicial decisions dated prior to the adoption of s. 2(b), Art. VIII, State Const., and the 1968 Constitution (there being no provision in the 1885 Constitution analogous to s. 2(b), Art. VIII) also appear to recognize the authority of municipal legislative bodies to fill vacancies thereon in accordance with such municipalities' charter acts. See, e.g., Frix v. State ex rel. Lautz, 33 So.2d 854
(Fla. 1947); Porter v. Kraft, 116 So.2d 257 (2 D.C.A.Fla., 1959). Cf., In re Advisory Opinion to the Governor, 116 So.2d 425
(Fla. 1959).
Accordingly, I am of the opinion, until and unless judicially determined to the contrary that s. 2(b), Art. VIII, State Const., does not prohibit municipal legislative bodies from filling vacancies thereon by appointment made by a majority vote of the remaining members, provided such authority is set forth in the municipal charter.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
John Rosner Assistant Attorney General