Mr. Fred S. Disselkoen, Jr. City Attorney City of Ormond Beach Post Office Box 277 Ormond Beach, Florida 32175-0277
Dear Mr. Disselkoen:
The City Commission of Ormond Beach has requested my opinion on substantially the following question:
May the City Commission of Ormond Beach amend the city charter by ordinance with respect to the term of the deputy mayor when that officer is elected by the other members of the commission?
In sum:
The City Commission of Ormond Beach may not amend the city charter by ordinance with respect to the term of the deputy mayor as such an amendment would affect the term of office of an elected officer and, pursuant to s. 166.021(4), F.S., must be the subject of approval by referendum.
The current Ormond Beach City Charter provides that "(u)pon taking office, the City Commission shall, by a majority vote, elect one of its members to be deputy mayor. The member so elected shall serve as deputy mayor until the first regular City Commission meeting in the following January." The proposed amendment would limit the term of the deputy mayor to six months rather than the current one year term.
Section 166.021(1), F.S., of the Municipal Home Rule Powers Act, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." To implement this broad grant of home rule power to municipalities, s.166.021(4) and (5), F.S., modified, repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or related exclusively to, the power or jurisdiction of municipalities. However, s. 166.021(4), F.S., provides that nothing in Ch. 166, F.S., is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein, including "the terms of elected officers" without referendum approval as provided in s. 166.031, F.S.
Resolution of this matter appears to turn upon whether the current charter provision setting forth the term of the deputy mayor affects the term of an elected officer within the scope of s.166.021(4), F.S., which would necessitate approval by referendum.
The term "elected" is not defined for purposes of s. 166.021(4), F.S., and so the word is to be construed in its plain and ordinary sense.[1] The word is variously defined as follows: "to select by vote for an office, position, or membership . . ."[2]; "to make a selection of: choose . . . to choose (a person) for an office, position, or membership . . . "[3]; and, as defined in Black's Law Dictionary, "[t]he word `elected,' in its ordinary signification, carries with it the idea of a vote, generally popular, sometimes more restricted, and cannot be held the synonym of any other mode of filling a position."[4]
The Florida Supreme Court has established that the primary meaning of the word "election" is choice or the act of choosing.[5] As the Court has stated "[e]lection has been defined as the choice which several persons collectively make of a person to fill an office or place. (citations omitted) In defining the term, `Elections', Ballentine's Law Dictionary states that wherever the selection of an officer `is referred to the people or to an organized body' it is called an election."[6] (emphasis in original)
In light of the above, I am unable to conclude that a distinction may be made between a general election by the voters and the election of one member of a governmental entity by his or her fellows to fill a vacancy. Thus, an amendment such as you propose would affect the term of the officer elected by other members to serve as deputy mayor and would, pursuant to s. 166.021(4), F.S., be subject to approval by referendum as provided in s. 166.031, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958), and State v. Egan, 287 So.2d 1, 4 (Fla. 1973).
[2] Webster's New Collegiate Dictionary 365 (1975).
[3] Webster's Third New International Dictionary 731 (1981).
[4] Black's Law Dictionary 608 (rev. 4th ed. 1968).
[5] See, In re Advisory Opinion to the Governor, 116 So.2d 425,428 (Fla. 1959), citing Pearson v. Taylor, 32 So.2d 826 (1947). Compare, Nelson v. Robinson, 301 So.2d 508, 510 (2 D.C.A. Fla., 1974), stating that an election may be broadly defined as an expression of choice by the voters of a public body politic, or as a means by which a choice is made by the electors.
[6] Id. Cf., AGO 75-158 which addressed the question of whether a town council could amend its charter to provide for the filling of vacancies on the town council by the remaining members there-of. The charter directed that, in the event of a vacancy in the office of the mayor or any councilmember, a nomination and election had to be held to fill such vacancy for the unexpired term. This office construed s. 166.021(4), F.S., and concluded that the legislative and governing body of a municipality could make no change in a municipal charter provision which affects the method established therein for filling vacancies in an elective municipal office without referendum approval as provided in s. 166.031, F.S.